United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Jimmie M. Evans,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 23-20208-Scola |
| S. Hyppolite, *et. al.*,<br>Defendants. | | |

### Order Granting Defendants' Motion to Dismiss

Before the Court is the Defendants' motion to dismiss (ECF No. 12) filed on February 15, 2023. Therein, the Defendants argue for dismissal of Claims One, Two, and Four of the complaint (ECF No. 1-1) and for dismissal of all official capacity claims. The Court has considered the motion, the entire record, and is otherwise fully advised.[1] As discussed below, the Court grants the motion.

### 1. Background

On January 18, 2023, the Defendants filed a notice of removal (ECF No. 1) of the Plaintiff's complaint for violations of civil rights (ECF No. 1-1). On January 25, 2023, the Court accepted and retained jurisdiction over this action and ordered that the case proceed as to all defendants and claims in the complaint (ECF No. 5). The complaint alleges four claims against the Defendants, Correctional Officers S. Hyppolite and C. Lattibeaudiere, stemming from four different incidents that took place while the Plaintiff was in the custody of the Miami-Dade County Corrections and Rehabilitation Department ("MDCR") and housed in the mental health unit at Turner Guilford Knight Correctional Center. (*See generally* ECF No. 1-1).

Claim One asserts that Defendant Hyppolite retaliated against the Plaintiff in violation of his First Amendment rights and violated his Eighth Amendment

---

[1] The Plaintiff has not filed a response and the time to do so has passed. *See* Local Rule 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."). Although the Court could grant the motion to dismiss by default, it will instead dismiss on the merits.

rights to sanitation, hygiene, and safe conditions. (*See id.* at 2). Claims Two and Three assert that Defendant Hyppolite used excessive force against the Plaintiff. (*See id.* at 3–4). Claim Four asserts that Defendant Hyppolite and Defendant Lattibeaudiere violated the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (*See id.* at 5). The Plaintiff seeks injunctive relief as well as compensatory and punitive damages. (*See id.* at 8).

### 2. Standard of Review

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in the plaintiff's favor. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an

otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### 3. Discussion

#### A. Official Capacity Claims

The Plaintiff sues Defendants Hyppolite and Lattibeaudiere in their individual and official capacities. (*See* ECF No. 1-1 at 1). A plaintiff who sues a municipal officer in his or her official capacity is, in reality, suing the municipality for whom that officer is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1986). The Court thus construes the Plaintiff's official capacity claims as claims against Miami-Dade County.

The Defendants assert that "[w]hatever attempt Evans makes to hold the County liable by raising claims against the officers in their official capacities, that attempt fails because the complaint does not plausibly state that any violation of constitutional rights he allegedly suffered was caused by an official policy or unofficial custom of the County." (ECF No. 12 at 3).

A county or municipality "may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city 'custom' or 'policy,' and not simply on the basis of *respondeat superior*." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991). The Plaintiff fails to allege any official custom or policy that resulted in a deprivation of his constitutional rights. (*See generally* ECF No. 1-1). Without this requisite allegation, the § 1983 claim against Miami-Dade County must be dismissed for failure to state a claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–5 (1978).

#### B. Claims One and Two

The Defendants assert that Claims One and Two should be dismissed for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). (*See* ECF No. 12 at 5).

A prisoner "may not bring any action absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (cleaned up).

"To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the [prison's] administrative process.'" *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (cleaned up).

The Plaintiff agrees that he did not exhaust administrative remedies on these claims; however, he asserts he failed to do so because the procedure was unavailable to him. (*See* ECF No. 1-1 at 6); *see also Geter v. Baldwin State Prison*, 974 F.3d 1348, 1354 (11th Cir. 2020) ("A remedy has to be available before it must be exhausted.") (cleaned up). But, as noted by Respondent, "[t]he courts of this District, including this Court, have continually upheld MDCR's grievance procedure as available when dismissing complaints for failure to exhaust." (ECF No. 12 at 6) (citations omitted). And at least one court has found that MDCR's procedure was available to this *same Plaintiff. See Evans v. Thompkins*, No. 19-25021, 2020 WL 9211282, at 3-4 (S.D. Fla. June 12, 2020) (Reid, MJ.), *adopted*, 2020 WL 9211280 (S.D. Fla. June 30, 2020) (Martinez, J.). Addressing the Plaintiff's claims of unavailability, the R. & R. noted that a counselor had processed over 30 grievances and appeals on the Plaintiff's behalf. *See* 2020 WL 9211282, at 3-4.

This Court also finds that the Plaintiff's claims of unavailability are not credible. The Plaintiff attached the grievances concerning Claims Three and Four to the complaint. (*See* ECF No. 1-1 at 11–22). He also attached the appeals from the denials of those grievances. (*See id.*). Moreover, Claim One is based on the allegation that Defendant Hyppolite retaliated against him expressly because he had filed grievances. (*See id.* at 2). In sum, the record refutes the Plaintiff and his bald assertions concerning unavailability are insufficient. *See Kingcade v. Parker*, 949 F. Supp. 2d 1232, 1239 (S.D. Fla. 2013) (Altonaga, CJ.) ("[B]ald assertions that attempts at exhaustion were thwarted by jail staff are insufficient.").

Accordingly, the Court concludes that MDCR's grievance procedure was available to the Plaintiff after Incidents One and Two, but he did not file

grievances about those incidents. Because he failed to exhaust administrative remedies under the PLRA, Claims One and Two are dismissed.

### C. Claim Four

Defendants Hyppolite and Lattibeaudiere assert that Claim Four should be dismissed because they are entitled to qualified immunity. (*See* ECF No. 12 at 8). In this claim, the Plaintiff alleges that Defendant Hyppolite told Defendant Lattibeaudiere that the Plaintiff had "display[ed] a sharp object to him[.]" (ECF No. 1-1 at 5). He alleges that Defendant Lattibeaudiere then came to his cell and pepper sprayed him.[2] (*See id.*). The Plaintiff states that no sharp object was found. (*See id.*).

"Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). The Court first finds that the Defendants were acting within their discretionary authority as correctional officers. *See Howard v. Gee*, 538 F. App'x 884, 887 (11th Cir. 2013) (correctional officer was acting within his discretionary authority while supervising inmates and maintaining security). Moreover, to state a claim against Defendant Lattibeaudiere for excessive force under the Eighth Amendment, the Plaintiff must plausibly allege that she used force "maliciously and sadistically rather than as part of a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (cleaned up). The Court must "give a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) (cleaned up).

The parties agree that Defendant Lattibeaudiere came to the Plaintiff's cell after Defendant Hyppolite told her that the Plaintiff had shown him a sharp object. The Court finds it common sense that a sharp object in the hands of an inmate—especially one in a mental health unit—constitutes a threat to that

---

[2] There is no allegation of use of force by Defendant Hyppolite in Count Four.

inmate and others. The Court thus infers that Defendant Lattibeaudiere used pepper spray against the Plaintiff to disarm him or otherwise secure the sharp item she believed he possessed. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (courts reviewing a motion to dismiss "may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.") (cleaned up). In sum, the Plaintiff fails to show that Defendant Lattibeaudiere acted "maliciously and sadistically", *Wilkins*, 559 U.S. at 40, and the Court infers that she instead acted "to preserve discipline and security[.]" *Sears*, 922 F.3d at 1205. With no Eighth Amendment violation, the Defendants are entitled to qualified immunity and Claim Four is thus dismissed.

### 4. Conclusion

For the foregoing reasons, it is **ordered and adjudged** that the Defendant's motion to dismiss **(ECF No. 12)** is **granted**. Claims One, Two, and Four of the Plaintiff's complaint **(ECF No. 1-1)** are **dismissed**. All official capacity claims against all Defendants are also **dismissed**. Accordingly, Defendants C. Lattibeaudiere and Miami-Dade County are **dismissed** from this action. Only Count Three remains.

**Done and ordered**, in chambers, in Miami, Florida, on March 7, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Jimmie M. Evans
180138414
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125
PRO SE